LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------------  :
ALEXANDRA SANJUAN, SCOTT GRADIN, ASTRID        :
CACERES, ISIS CACERES, JENNIFER CANALES        :
and ESMERELDA RAMIREZ, on behalf of themselves :
and all other persons similarly,               :
                                               :        COMPLAINT
                              Plaintiffs,       :
      -against-                                 :
                                               :        Collective and Class Action
PARAGON BANQUET EVENT PLANNING LLC,             :
CHATEAU HOSPITALITY LLC, STERLING               :
CATERERS & RESTAURANT LLC, PARKASH              :
LAL RAJ and SNEHA P. RAJ,                        :
                              Defendants.        :
---------------------------------------------------------------------  :
```

Plaintiffs, ALEXANDRA SANJUAN, SCOTT GRADIN, ASTRID CACERES, ISIS CACERES, JENNIFER CANALES and ESMERELDA RAMIREZ ("Plaintiffs"), on behalf of themselves, and on behalf of all others similarly situated, by and through their counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, PARAGON BANQUET EVENT PLANNING LLC, CHATEAU HOSPITALITY LLC, STERLING CATERERS & RESTAURANT LLC, PARKASH LAL RAJ and SNEHA P. RAJ (collectively, "Defendants" or "Chateau La Mer" or "The Sterling") allege as follows:

## NATURE OF THE ACTION

1.     Defendants are engaged in the catering and restaurant business. Plaintiffs are current and former employees of Defendants.  Plaintiffs bring this action against Defendants to recover damages for violations of federal and state wage and hour laws including: (i) failure to pay

overtime; (ii) failure to pay "spread-of-hours" pay; (iii) unlawful retention of employee gratuities and charges purported to be gratuities; (iv) uniform purchase and maintenance violations; (v) failure to provide wage notices prior to hire; and (vi) failure to provide accurate wage statements.

2.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. §216(b).  Plaintiffs also brings this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law"); Labor Law §195 (1) and (3); Labor Law §196-d..

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.    In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

6.    Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7.    Defendant, PARAGON BANQUET EVENT PLANNING LLC, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New

York and is an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.00.

8.      Defendant, CHATEAU HOSPITALITY LLC, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.00.

9.      Defendant, STERLING CATERERS & RESTAURANT LLC, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.00.

10.     Defendants, PARAGON BANQUET EVENT PLANNING LLC, CHATEAU HOSPITALITY LLC and STERLING CATERERS & RESTAURANT LLC are doing business as Chateau La Mer and The Sterling.

11.     Defendant, PARKASH LAL RAJ, is an owner and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for Chateau La Mer and The Sterling, and is active in the day to day management of Chateau La Mer and The Sterling, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

12.     Defendant, SNEHA P. RAJ, is an owner and/or officer of the corporate defendants, has authority to make payroll and personnel decisions for Chateau La Mer and The Sterling, and is active in the day to day management of Chateau La Mer and The Sterling, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

13.     Defendants acted as an integrated enterprise and shared interchangeable employees and common offices, record keeping, management, ownership and financial control.

14.     At all relevant times, Plaintiff ALEXANDRA SANJUAN ("SANJUAN") was a non-exempt employee of the Defendants from in or about May 2017 to present.

15.     At all times relevant to the complaint, Plaintiff SANJUAN was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

16.     At all relevant times, Plaintiff SCOTT GRADIN ("GRADIN") was a non-exempt employee of the Defendants from in or about October 2016 to in or about June 2018.

17.     At all times relevant to the complaint, Plaintiff GRADIN was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

18.     At all relevant times, Plaintiff ASTRID CACERES was a non-exempt employee of the Defendants from in or about September 2016 to in or about June 2017.

4

19.     At all times relevant to the complaint, Plaintiff ASTRID CACERES was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

20.     At all relevant times, Plaintiff ISIS CACERES was a non-exempt employee of the Defendants from in or about September 2016 to in or about October 2017.

21.     At all times relevant to the complaint, Plaintiff ISIS CACERES was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

22.     At all relevant times, Plaintiff JENNIFER CANALES ("CANALES") was a non-exempt employee of the Defendants from in or about 2016 to in or about December 2016.

23.     At all times relevant to the complaint, Plaintiff CANALES was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

24.     At all relevant times, Plaintiff ESMERELDA RAMIREZ ("RAMIREZ") was a non-exempt employee of the Defendants from in or about 2016 to in or about 2018.

25.     At all times relevant to the complaint, Plaintiff RAMIREZ was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

## STATEMENT OF FACTS

26.     Plaintiff SANJUAN was and is employed by Defendants as a maître d.

27.     Defendants failed to pay Plaintiff SANJUAN and persons similarly situated to Plaintiff hourly rates of pay in violation of 12 N.Y.C.R.R. §146-2.5.  Instead, Defendants paid Plaintiff and persons similarly situated to Plaintiff on a per-shift basis.  Plaintiff's wages were

determined by the number of shifts she worked per week regardless of the actual number of hours she worked in a given workweek. As a result of this pay practice, Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff a premium for time worked in excess of (40) hours per week in violation of 29 U.S.C. §201 et seq., New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law").

28.     Defendants demanded that Plaintiff SANUAN remit a significant percentage of her gratuities to management and regularly retained approximately one-half of Plaintiff's gratuities in violation of New York Labor Law §196-d.

29.     Plaintiff GRADIN was employed by Defendants as a maître d.

30.     Defendants failed to pay Plaintiff GRADIN and persons similarly situated to Plaintiff hourly rates of pay in violation of 12 N.Y.C.R.R. §146-2.5. Defendants paid Plaintiff and persons similarly situated to Plaintiff on a per-shift basis. Plaintiff's wages were determined by the number of shifts she worked per week regardless of the actual number of hours she worked in a given workweek. As a result of this pay practice, Defendants failed to pay Plaintiff and persons similarly situated to Plaintiff a premium for time worked in excess of (40) hours per week in violation of 29 U.S.C. §201 et seq., New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law").

31.     Defendants demanded that Plaintiff GRADIN remit a significant percentage of his gratuities to management and regularly retained approximately one-half of Plaintiff's gratuities in violation of New York Labor Law §196-d.

32.    Plaintiff ASTRID CACERES was employed by Defendants as a waitress and bridal attendant from September 2016 to June 2017.

33.    Defendants failed to provide Plaintiff ASTRID CACERES and persons similarly situated to Plaintiff prior to hire written notice in her primary language setting forth her regular rate of pay and overtime rate of pay in violation of 12 N.Y.C.R.R.§146-2.2.

34.    Plaintiff ASTRID CACERES and persons similarly situated to Plaintiff regularly worked double shifts on weekends that exceed 10 hours. Defendants failed to Plaintiff and persons similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

35.    Defendants required Plaintiff ASTRID CACERES and persons similarly situated to Plaintiff to purchase a tuxedo uniform. Defendants failed to reimburse Plaintiff and persons similarly situated to Plaintiff for the purchase and maintenance of the uniform in violation of New York Labor Law §663 and 12 N.Y.C.R.R. §146-1.8.

36.    Plaintiff ASTRID CACERES and persons similarly situated to Plaintiff regularly worked holiday parties. Defendants regularly added a 20% gratuity to the bill for holiday parties but failed to distribute the gratuity that it collected to Plaintiff and other wait-staff in violation of New York Labor Law §196-d.

37.    When Plaintiff ASTRID CACERES worked events other than holiday parties, Defendants required her to pool or share tips with employees not eligible to receive shared tips or distribution from a tip pool, including back of the house of employees.

38.    Plaintiff ISIS CACERES was employed by Defendants as a waitress.

39.    Defendants failed to provide Plaintiff ISIS CACERES and persons similarly situated to Plaintiff prior to hire written notice in her primary language setting forth her regular rate of pay and overtime rate of pay in violation of 12 N.Y.C.R.R.§146-2.2.

40.    Plaintiff ISIS CACERES and persons similarly situated to Plaintiff regularly worked double shifts on weekends.  Defendants failed to Plaintiff and persons similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

41.    Defendants required Plaintiff ISIS CACERES and persons similarly situated to Plaintiff to purchase a tuxedo uniform.  Defendants failed to reimburse Plaintiff and persons similarly situated to Plaintiff for the purchase and maintenance of the uniform in violation of New York Labor Law §663 and 12 N.Y.C.R.R. §146-1.8.

42.    Plaintiff ISIS CACERES and persons similarly situated to Plaintiff regularly worked holiday parties.  Defendants regularly added a 20% gratuity to the bill for holiday parties but failed to distribute the gratuity that it collected to Plaintiff and other wait-staff in violation of New York Labor Law §196-d.

43.    When Plaintiff ISIS CACERES worked events other than holiday parties, Defendants required her to pool or share tips with employees not eligible to receive shared tips or distribution from a tip pool, including back of the house of employees.

44.    Plaintiff CANALES was employed by Defendants as a waitress.

45.    Defendants failed to provide Plaintiff CANALES and persons similarly situated to Plaintiff prior to hire written notice in her primary language setting forth her regular rate of pay and overtime rate of pay in violation of 12 N.Y.C.R.R.§146-2.2.

46.    Plaintiff CANALES and persons similarly situated to Plaintiff regularly worked double shifts on weekends that exceeded 10 hours.  Defendants failed to Plaintiff and persons

similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

47.     Defendants required Plaintiff CANALES and persons similarly situated to Plaintiff to purchase a tuxedo uniform.  Defendants failed to reimburse Plaintiff and persons similarly situated to Plaintiff for the purchase and maintenance of the uniform in violation of New York Labor Law §663 and 12 N.Y.C.R.R. §146-1.8.

48.     Plaintiff CANALES and persons similarly situated to Plaintiff regularly worked holiday parties.  Defendants regularly added a 20% gratuity to the bill for holiday parties but failed to distribute the gratuity that it collected to Plaintiff and other wait-staff in violation of New York Labor Law §196-d.

49.     When Plaintiff CANALES worked events other than holiday parties, Defendants required her to pool or share tips with employees not eligible to receive shared tips or distribution from a tip pool, including back of the house of employees.

50.     Plaintiff RAMIREZ was employed by Defendants as a waitress.

51.     Defendants failed to provide Plaintiff RAMIREZ and persons similarly situated to Plaintiff prior to hire written notice in her primary language setting forth her regular rate of pay and overtime rate of pay in violation of 12 N.Y.C.R.R.§146-2.2.

52.     Plaintiff RAMIREZ and persons similarly situated to Plaintiff regularly worked double shifts on weekends that exceeded 10 hours.  Defendants failed to Plaintiff and persons similarly situated to Plaintiff spread-of-hours pay for each day in which their spread of hours exceeded ten hours.

53.     Defendants required Plaintiff RAMIREZ and persons similarly situated to Plaintiff to purchase a tuxedo uniform.  Defendants failed to reimburse Plaintiff and persons similarly

situated to Plaintiff for the purchase and maintenance of the uniform in violation of New York Labor Law §663 and 12 N.Y.C.R.R. §146-1.8.

54.    Plaintiff RAMIREZ and persons similarly situated to Plaintiff regularly worked holiday parties. Defendants regularly added a 20% gratuity to the bill for holiday parties but failed to distribute the gratuity that it collected to Plaintiff and other wait-staff in violation of New York Labor Law §196-d.

55.    When Plaintiff RAMIREZ worked events other than holiday parties, Defendants required her to pool or share tips with employees not eligible to receive shared tips or distribution from a tip pool, including back of the house of employees.

56.    Defendants failed to provide Plaintiffs upon hire written notice of their rate of pay and other information required by New York Labor Law §195(1) and 12 N.Y.C.R.R. §146-2.2.

57.    Defendants failed to furnish Plaintiffs with a wage statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3) and 12 N.Y.C.R.R. §146-2.3.

58.    Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

59.    At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

60.     Plaintiffs also bring FLSA claims on behalf of themselves and all similarly situated current and former employees of Defendants who give their consent, in writing, to become plaintiffs and who worked at Chateau La Mer and/or The Sterling at any time during the three (3) years prior to the filing of their respective consent forms.

61.     There are current and former employees of Defendants who are similarly situated to the Plaintiffs and have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in bringing this action.

62.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

63.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

64.     Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

65.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

66.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

67.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

68.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the minimum wage for all hours worked;

(b)     whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(c)     whether Defendants failed and/or refused to pay the Plaintiffs and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(d)     whether Defendants unlawfully retained gratuities that were intended for Plaintiffs and Class Members;

(e)     whether Defendants failed to reimburse Plaintiffs and Class Members for the purchase and maintenance of uniforms;

(f)     whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(g)     whether Defendants failed to pay Plaintiffs and Class Members an hourly pay rate;

(h)     whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(i)     whether Defendants failed to provide Plaintiffs and Class Members with a wage notice upon hire, as required by law;

(j)     whether Defendants failed to furnish the Plaintiffs and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(k)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(l)     whether Defendants' general practice of failing and/or refusing to pay Plaintiffs and Class members minimum wage, overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

69.     Plaintiffs' claims are typical of the claims of the Class that they seek to represent.

Defendants failed to pay Plaintiffs overtime wages, failed to pay spread-of-hours pay, retained gratuities intended for Plaintiffs and Class Members, failed to reimburse Plaintiffs and Class Members for the purchase and maintenance of uniforms, failed to provide Plaintiffs and Class

Members wage notices prior to hire and failed to provide Plaintiffs and Class Members with wage statements that included all the information required by law.

70.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendants.  Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

71.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

72.     Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

73.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

74.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

75.    The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

76.    Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT: OVERTIME WAGES

77.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

78.    Defendants employed Plaintiffs and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

79.    Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

80.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

81.     Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

82.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

83.     Plaintiffs and Class Members were not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation.

84.     Defendants employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

85.     By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

86.     Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

87.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

88.     Defendants willfully failed to pay Plaintiffs and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

89.     Plaintiffs and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: RETENTION OF GRATUITIES

90.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

91.     Defendants unlawfully retained gratuities in violation of New York Labor Law §196-d.

92.     Plaintiffs and Class Members are entitled to recover from Defendants the amount of retained gratuities, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: UNIFORM VIOLATION

93.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

94.     Defendants required Plaintiffs and Class Members to purchase and maintain uniforms at their own expense.

17

95.     Defendants' failure to reimburse Plaintiffs and Class Members for the purchase and maintenance of the uniforms was willful.

96.     Due to Defendants' uniform violations, Plaintiffs and Class Members are entitled to recover damages from Defendants.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE NOTICE**

97.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

98.     Defendants failed to provide Plaintiffs and Class Members upon hire with written notice in their primary language setting forth their rate of pay and other information required by New York Labor Law §195(1) and 12 N.Y.C.R.R. Part 146.

99.     Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants, plus attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

100.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

101.    Defendants failed to furnish Plaintiffs and Class Members with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3) and 12 N.Y.C.R.R. Part 146.

102.    Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants, plus attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)      Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii)      Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

(v)      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi)      All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)      Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 16, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By:      _____

Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid minimum and/or overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Alexandra Sanjuan
_____
Alexandra Sanjuan

06/05/2018
_____
Date

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid minimum and/or overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.


_Scott Gradin_
Scott Gradin

_June 5, 2018_
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Astrid Caceres

_____
Date
6/15/18

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Isis Caceres                          06/17/18
_____                       _____
Isis Caceres                          Date

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid minimum and/or overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____          _____
Canales                                           Date   6/7/2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Paragon Banquet Event Planning LLC to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____            06/24/18
Esmerelda Ramirez                      Date